IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| EDWARD ROGERS, JR., | ) | |
|     Plaintiff, | ) | Civil Action No. 7:19cv00277 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MELVIN DAVIS, et al., | ) | By: Michael F. Urbanski |
|     Defendants. | ) | Chief United States District Judge |

Edward Rogers, Jr., a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983, alleging that the defendants failed to protect him from an assault by another inmate and delayed subsequent medical treatment. The court previously granted defendants' motion to dismiss Rogers' complaint and gave Rogers leave to file an amended complaint. See ECF Nos. 36 and 37. Rogers filed an amended complaint (see ECF No. 41) and some of the defendants have moved to dismiss the amended complaint as against them (see ECF No. 42). After reviewing the pleadings, the court grants these defendants' motion to dismiss.

I.

Rogers' amended complaint provides less detail than his original complaint. In his amended complaint, Rogers alleges that on November 11, 2018, he received severe injuries from an assault by another inmate. Rogers claims that the defendants were deliberately indifferent to his serious medical needs by "not being at their post because it was almost an hour before defendants knew of the incident." He states that "it took defendants two days after defendants knew about the assault" before they took him for "outside" emergency care, where it was discovered that he needed plastic surgery.[1] The medical defendants, Dr. Wang, Nurse Harris,

---

[1] To give context to his amended complaint and because he is proceeding pro se, the court will summarize the allegations of Rogers' original complaint as well. Rogers alleged that on November 11, 2018, while housed at Green Rock Correctional Center ("Green Rock"), he was assaulted by another inmate for forty-five minutes without intervention by a correctional officer. As a result of the assault, Rogers suffered a fractured eye socket and loss of part of his ear. After the assault, Rogers was questioned by Green Rock staff for one hour and fifteen minutes before he was taken to a medical center for treatment. Rogers alleged that he was taken to a hospital for surgery two days

Nurse Ganey, and Nurse Cobbs have moved to dismiss Rogers' amended complaint.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

---

after the assault and the doctor told him that he could have saved Rogers' ear if Rogers had been brought to the hospital sooner. Rogers stated that he received twenty-two stitches in his ear and a titanium implant in his eye socket. Rogers complained that correctional officers failed to protect him from the assault and staff delayed his medical treatment for the injuries he sustained.

    In support of his original complaint, Rogers also submitted institutional medical records which begin on the date of the assault. The records reflect that the medical department was called to Rogers' housing unit for a medical emergency and, upon arriving, met Rogers and Sgt. Hiatt leaving the building. The records indicate that a "large portion" of Rogers' right ear had been "sliced off" and that his eye was swollen shut. Bandages and an ice pack were applied, and Dr. Wang was called and apprised of the incident. Dr. Wang approved Rogers' transport to the Gretna Emergency Room, and Rogers' housing unit was locked down during an investigation of the incident. Staff at the Gretna Emergency Room notified Green Rock staff that Rogers had a fractured eye socket and that his ear could not be reattached, that they had given him two medications, and that they had scheduled an appointment for Rogers with a plastic surgeon in the morning. Rogers returned to Green Rock from the emergency room that night and the medical records note that his eye was swollen shut with bruising, an ice pack was given to him, his dressing on his eye socket was changed multiple times, and he did not complain of pain. That night, at almost midnight, Nurse Harris left a message for Dr. Wang to call Green Rock. Nurse Cobbs approved Rogers' offsite medical appointment in Lynchburg, scheduled for 8:00 am the next morning. During the night, Rogers' dressing on his eye was changed and Rogers indicated that he was beginning to experience pain and weakness. Rogers was given Tylenol. Early the next morning, Nurse Harris noted that Rogers' dressing on his ear was clean and dry, that he did not complain of pain, that he stated he was feeling better, that his color was back to normal, and that his morning medications were given to him. Shortly after, Dr. Wang called Green Rock and was given an update. Dr. Wang prescribed Amoxicillin and Tylenol, and ordered that Rogers be sent to the plastic surgeon appointment that morning, as scheduled by the Gretna Emergency Room staff. Rogers was transported to the Lynchburg Hospital for his scheduled appointment. Green Rock's medical department was notified that Rogers would receive surgery the next day, on November 13, 2018. Rogers returned to Green Rock in the evening of November 13, 2018, and the medical department noted that he had bruising and swelling, twenty-two stitches in his ear, no signs or symptoms of infections, and he was given an ice pack. Dr. Wang was notified that Rogers had returned to Green Rock and of his current condition.

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," id., with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. See, e.g., Boag v. MacDougall, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). "A pro se plaintiff still must allege facts that state a cause of action." Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Rogers alleges that the defendants delayed medical treatment for his injuries sustained during the assault. To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Conner v. Donnelly, 42 F.3d 220, 222 (4th Cir. 1994); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). A prison official is "deliberately indifferent" only if he or she "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (U.S. 1994). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). In fact, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014). An "error of judgment" on the part of prison medical staff or "inadvertent failure to provide adequate medical care," while perhaps sufficient to support an action for malpractice, does not constitute a constitutional deprivation redressable under § 1983. Boyce v. Alizaduh, 595 F.2d 948, 953 (4th Cir. 1979), abrogated on other grounds by Neitzke v. Williams, 490 U.S. 319 (1989). Mere negligence does not constitute deliberate indifference; rather, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists and must draw the inference. Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); see also Farmer, 511 U.S. at 837. The prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. Militier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

A delay in medical treatment may constitute deliberate indifference. See Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009); Estelle, 429 U.S. at 104 (deliberate indifference may manifest by "prison guards [] intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."). In such cases, a plaintiff must show not only that his medical need was objectively serious, but also that the delay in providing medical care caused him to suffer "substantial harm." See Webb v. Hamidullah, 281 F. App'x 159, 166 (4th Cir. 2008). "The substantial harm requirement may be satisfied by lifelong handicap, permanent loss, or considerable pain." Shabazz v. Prison Health Servs., Case No. 3:10cv90, 2011 U.S. Dist. LEXIS 88124, at *19, 2011 WL 3489661, at *6 (E.D. Va. 2011); see also Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995).

The court previously determined that Rogers' claims concerning delayed medical treatment failed to state a cognizable claim against the named defendants because Rogers did not allege that any of the named defendants were responsible for any delays in his treatment and that, further, the medical records that Rogers attached to his complaint showed that Rogers received medical treatment from prison staff and outside doctors throughout the two days between the assault and his surgery. Despite being given the opportunity to file an amended complaint, Rogers has not cured any defects of his original complaint. Rogers' amended complaint does not allege that any of the medical defendants were responsible for any delays in his treatment. Moreover, he still does not state any facts that would support a claim of deliberate indifference against the medical defendants. Accordingly, the court finds that Rogers' complaint still fails to state a cognizable federal claim against the medical defendants and, thus, will grant these defendants' motion to dismiss the amended complaint as against them.

## IV.

In addition, the court finds that Rogers' amended complaint also fails to state a cognizable federal claim against the other defendants named in his amended complaint. Rogers also named Warden Davis, Major Northup, Captain Zawhorodny, Lieutenant Williams, and Sergeant Hiatt as defendants in his amended complaint, as he did in his original complaint. As with the original complaint, Rogers fails to allege that any of the non-medical defendants were responsible for any delay, were present during the delays, or in any way acted with deliberate indifference to his serious medical needs. Further, although he does not directly raise a failure to protect claim in his amended complaint, even if the court were to liberally construe his amended complaint as raising such a claim against the non-medical defendants, his allegations are insufficient to state a cognizable claim against the named defendants. An inmate has an Eighth Amendment right to be protected from violence perpetrated by other prisoners. Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014); see Farmer v. Brennan, 511 U.S. 825, 833-35 (1994). To state a claim for damages against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Farmer, 511 U.S. at 834. In the court's previous opinion, the court determined that Rogers did not allege that any of the defendants were present during the assault or even aware that it was occurring. He also did not allege that any of the defendants knew of a "pervasive and unreasonable risk to harm" to Rogers. See Orpiano v. Johnson, 632 F.2d. 1096, 1101 (4th Cir. 1980). Rogers' amended complaint does not cure any of these deficiencies. Accordingly, the court will dismiss Rogers' amended complaint against the non-medical defendants, without prejudice, for failure to state a claim pursuant to 28 U.S.C.

6

§ 1915(e)(2)(B)(ii).

## V.

Finally, Rogers has also filed a motion to amend his amended complaint. See ECF No. 46. In the motion, Rogers seeks to add Floor Officer Mills as a defendant and states only that she "was not at her post as required by operational procedure, showing negligence and . . . deliberate indifference to [Rogers'] serious medical needs." Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). An amendment is considered futile if the amended complaint could not survive a motion to dismiss under Rule 12(b)(6). United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). In this case, the proposed amendment would be futile because Rogers' fails to state a cognizable federal claim against Officer Mills.

To the extent Rogers is arguing that Officer Mills failed to protect him, his allegations against her are insufficient. To state a cognizable federal claim against a prison official for failure to protect from inmate violence, an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm. Farmer, 511 U.S. at 834. "Deliberate" or "callous indifference" on the part of a prison official to a "specific known risk of harm" states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987). Not every "injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials

7

responsible for the victim's safety." Farmer, 511 U.S. at 834. A prison official may be held liable under the Eighth Amendment for an act or omission that results in the denial of "minimal civilized measure of life's necessities." Id. The prison official must have a "sufficiently culpable state of mind." Id. This means the prison official must have acted with "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). A prison official acts with deliberate indifference if he has "actual knowledge that an inmate faces substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 835. The test is not "whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard[ed] that risk." Id. The official must be aware of facts which "the inference could be drawn that a substantial risk of serious harm exists" and he must also "draw the inference." Id. at 837. Rogers does not allege that Officer Mills had actual knowledge that Rogers faced a substantial risk of serious harm and, thus, has not sufficiently alleged that she acted with deliberate indifference. Moreover, to the extent he may be alleging a claim concerning delay of medical treatment, his allegations also fail. A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle, 429 U.S. at 104-05. Rogers does not allege that Officer Mills intentionally delayed any medical care, instead, his allegations suggest that she did not even know that he needed medical care. The court notes that a claim of negligence is not actionable under § 1983. Id. at 106. Accordingly, the court concludes that Rogers' allegations as presented in his motion are insufficient to state a cognizable claim against Officer Mills and, thus, allowing the amendment would be futile. Therefore, the court will deny Rogers' motion to amend without prejudice.

## VI.

For the foregoing reasons, the medical defendants' motion to dismiss Rogers' amended complaint is granted; the amended complaint is also dismissed without prejudice as against Warden Davis, Major Northup, Captain Zawhorodny, Lieutenant Williams, and Sergeant Hiatt, for failure to state a claim; Rogers' motion to amend is denied without prejudice as futile; and this action will be dismissed.

**ENTER**:  This 7th day of July, 2020.

                                                         Michael F. Urbanski
                                                        Chief United States District Judge